# Wythebille

CALVIN CASPER V. CITY OF DANVILLE.

June 16, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and
Browning,, JJ.

The opinion states the case.

*Hugh T. Williams* and *Marvin I. Walton,* for the plaintiff in error.

*John W. Carter, Jr.,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

A criminal warrant was issued by the police justice of the city of Danville, charging that, on the 4th day of June, 1931, Calvin Casper "did unlawfully, within three miles corporate limits of said city, did unlawfully manufacture, sell, offer, keep, store and expose for sale, give away, transport, possess, and drink in a public place, ardent spirits, he the said . . . . . . . . . . . . . . . . . having been before convicted of a like offense, to-wit . . . . . . . . . . . . . . against the peace and dignity of the Commonwealth and ordinance of the city."

The defendant was convicted by the police justice and noted an appeal to the corporation court. Upon the call of the case for trial, the defendant moved the court to require the attorney for the Commonwealth to furnish him a bill of particulars designating the offense for which he was to be tried. The motion was sustained and the following bill was filed:

"a. Sell ardent spirits.
"b. Offer to sell ardent spirits.
"c. Keep ardent spirits.
"d. Store and expose ardent spirits for sale.
"e. Give away ardent spirits.
"f. Transport ardent spirits.
"g. Possess ardent spirits.
"h. Manufacture ardent spirits."

The defendant objected to the bill filed, on the ground that it did not particularize the offense charged. The objection was overruled, and notwithstanding the bill of particulars charged the commission of a felony, to-wit, manufacturing of ardent spirits, a jury of five was empaneled to try the case. The accused was found guilty of unlawful transportation and his punishment fixed at six months' confinement in jail and a fine of $250.

The action of the court in overruling defendant's objection is assigned as error.

The bill of particulars filed is substantially a repetition of the warrant. In order properly to defend the

eight.charges filed against him, it was incumbent upon the accused to come prepared to meet each one, whether in fact the prosecution relied upon them or not.

In *Hudgins* v. *Commonwealth,* 142 Va. 632, 128 S. E. 565, 566, Chief Justice Prentis reaffirms the doctrine stated in *Webster* v. *Commonwealth,* 141 Va. 589, 127 S. E. 377, and quotes therefrom: "We do not undertake to decide what was necessary to be stated in the bill of particulars in all cases further than to say that every one accused of crime is entitled to have stated in plain and unequivocal terms the offense for which he is to be prosecuted. This much will be required even in a civil case. The State has no desire to leave one of its citizens in doubt or uncertainty as to any offenses charged against him. Prosecuting attorneys know, or ought to know, in advance, what they can prove, and ordinary justice demands that they should give the accused a fair statement of the offense for which he is to be prosecuted."

In the *Hudgins Case* the identical question herein involved was raised, but as the judgment was reversed on another ground, the question was not decided. This comment was, however, made: "Upon the next trial, however, if a bill of particulars is again asked for by the accused, the trial court should require the prosecutor to supply such a bill as will fairly give the accused notice of the cause and nature of the accusations. An excellent example of an appropriate bill of particulars is found in *Webster* v. *Commonwealth, supra.*"

The passage of the prohibition law wrought radical changes in the criminal procedure, which this court has sought to sustain, but never to the extent of holding that one accused of its violation should carry a greater burden than is imposed upon a defendant in a civil action.

In this case, as pointed out, the accused was forced not only to meet the misdemeanor charges of the warrant, but to meet a felony charge as well. Of course, it is true that the trial of a felony charge upon a warrant

was illegal, as Code, section 4866, specifically provides that "no person shall be put upon trial for any felony, unless an indictment shall have first been found by a grand jury in a court of competent jurisdiction," yet by reason of the refusal of the trial court to require the prosecutor to particularize the offense upon which he relied for conviction, the accused was denied information concerning the cause and nature of the accusations.

Our conclusion is that while a prosecutor is not required to file a pleading laying bare the entire case he intends to present, he should be required to fairly particularize the charge or charges he intends to prosecute, and not be permitted to go on a fishing expedition with a drag net. "The bill should be directed to those charges as to which the prosecuting attorney expects to introduce supporting testimony." *Hudgins' Case, supra.*

The record discloses that no effort was made by the prosecutor to substantiate any of the eight charges embraced in the bill of particulars, except the charge of transporting. That fact alone demonstrates the wisdom of requiring the prosecutor in the instant case fairly to inform the accused of the charge for which he is to be prosecuted. For instance, if the prosecutor does not intend to prosecute the accused for drinking in a public place, which carries a small fine, he should be so informed.

The first assignment of error is well founded.

It is next assigned as error that the court erred in overruling the objection of the accused to the question propounded to the witness Mayberry: "Do you know what business the defendant, Casper, is engaged in?" and in permitting the witness to answer: "In the bootlegging business."

Under the statute it was competent to prove the general reputation of the accused as a violator of the prohibition law, but in Virginia there can be legally no such vocation or business as "bootlegging." The question and

answer were improper and no doubt tended to prejudice the jury against the accused.

As the case will have to be remanded, for the reasons stated, we express no opinion on the assignment of error that the verdict is contrary to the evidence.

*Reversed.*