COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Elder
Argued at Salem, Virginia


ROGER SYLVESTER SIMS
                                            OPINION BY
v.        Record No. 2876-97-3      JUDGE LARRY G. ELDER
                                         DECEMBER 15, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                       Richard S. Miller, Judge

            Elizabeth P. Murtagh, Assistant Public
            Defender, for appellant.

            Daniel J. Munroe, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Roger Sylvester Sims (appellant) appeals from his bench

trial convictions for statutory burglary under Code § 18.2-91 and

abduction under Code § 18.2-47, entered following indictments

under Code §§ 18.2-91 and 18.2-48, respectively.[1]  On appeal, he

contends the trial court erred in refusing to grant his motion

for a bill of particulars to specify (1) under Code § 18.2-91,

what time of day the alleged burglary occurred and what crime

appellant intended to commit once he gained entry, and (2) under

Code § 18.2-48, what force appellant used to seize victim and for

what purpose he abducted her.  We hold that any error committed

was harmless, and we affirm appellant's convictions.[2]

_____

     [1]  Appellant was indicted for abduction under Code § 18.2-48,
but the trial court convicted him of the lesser-included offense
specified in Code § 18.2-47(A).

     [2]  Appellant also was convicted of larceny of a firearm.
However, we denied the petition for appeal on all issues related

I.

FACTS

A.

THE OFFENSE

Viewed in the light most favorable to the Commonwealth, the evidence showed that, on January 28, 1997, appellant did not have permission to be in victim's home. Appellant and victim had engaged in a long-term relationship and had a son with whom appellant remained in contact. However, appellant was not residing with victim on that date, their romantic relationship had ended, and their son was at school.

Around noon, appellant appeared, uninvited, in victim's bedroom. Victim testified that she thought the house was locked, and the evidence indicated that appellant had gained entry by removing the storm window in another bedroom. Appellant said, "I got you now, or nowhere to run, or something like that." Victim tried to run, but appellant pushed her onto the bed. He asked for her keys, took eighty or ninety dollars from her purse, and took her gun from under the bed and loaded it with bullets from the closet. When victim asked appellant what he was going to do with her, he said, "hurry up, we don't have much time."

Victim was scared and did not want to leave the house with appellant. Appellant took victim toward the back door, and while

to that conviction and, therefore, do not consider that conviction in this appeal.

he was replacing the storm window he had removed to gain entry, she tried to spray him with pepper spray, but she sprayed herself instead. He struggled with her for the spray, scratching her face, and after he obtained the spray, he tied her hands with a jump rope "so [she] wouldn't try anything like that again."

Appellant then put her in the passenger seat of her car and drove her into the "inner city . . . on a wild drug spree." He bought drugs "[q]uite a few times" and used a can to smoke crack cocaine. Appellant also made victim write a check for fifty dollars, which he tried to cash at several different banks, but because victim had insufficient funds in the account, no bank would cash it. Victim never saw the gun again and believed appellant "pawned it for drugs."

At around 8:00 or 9:00 p.m. that evening, appellant exited the car and let victim drive away. She went to appellant's mother's house and was taken to the emergency room by ambulance.

Later, while appellant was in jail, he apologized to victim for the events and said he was motivated by "the drugs."

B.

PROCEEDINGS IN THE TRIAL COURT

After interviewing victim on the day of the offense, police secured warrants against appellant for burglary, larceny of a firearm and abduction. In a preliminary hearing on April 21, 1997, the juvenile and domestic relations district court found probable cause and certified the charges to the grand jury.

Although appellant requested that the preliminary hearing be transcribed or recorded, the court denied that request, and no record of the proceedings was made.

On May 5, 1997, the grand jury issued a three-count indictment against appellant for burglary, larceny of a firearm and abduction.  Counts one and three of the indictment tracked the language of the burglary and abduction statutes, respectively.  The burglary count charged that:

> on or about January 28, 1997 . . .
> [appellant] unlawfully and feloniously did
> break and enter in the daytime, or enter in
> the nighttime the home belonging to [victim]
> with the intent to commit larceny, assault
> and battery, or a felony other than murder,
> rape or robbery therein, in violation of
> Virginia Code § 18.2-91 . . . .

The abduction count charged that:

> on or about January 28, 1997 . . .
> [appellant] unlawfully, feloniously, and by
> force, threat or intimidation and without
> legal justification or excuse did seize,
> take, transport, detain or secrete the
> [victim] with the intent to extort money, or
> pecuniary benefit, or with the intent to
> defile . . . in violation of Virginia Code
> § 18.2-48.

Appellant moved the court for a bill of particulars pursuant to Code §§ 19.2-230 and 19.2-266.2 and the Due Process Clauses of the United States and Virginia Constitutions.  He claimed that the burglary and abduction counts merely tracked the broad language of each statute and failed to notify him of the "'nature and character' of the offense charged."  He sought an order requiring the Commonwealth to state with specificity (1) the

exact time of the alleged burglary and what crime appellant allegedly intended to commit when he entered victim's dwelling; and (2) the nature of the force, threat or intimidation used against victim; whether appellant was alleged to have "seized, transport[ed], detain[ed] or secrete[d]" victim; and what appellant's intent was at the time of the acts--to extort money, to gain some pecuniary benefit, or to defile victim.

Appellant's counsel conceded that the evidence presented at the preliminary hearing gave her some indication regarding how the Commonwealth planned to proceed, but appellant sought further clarification. Appellant's counsel contended, for example, that the preliminary hearing evidence for the abduction charge established only that appellant entered victim's residence with intent to gain some pecuniary benefit. However, the indictment, which tracked the language of the abduction statute, also permitted conviction if appellant abducted victim with the intent to extort or to defile. Although the Commonwealth presented no evidence of either type of intent at the preliminary hearing, appellant's counsel explained that appellant also had been charged in a neighboring county with raping the victim as part of the same sequence of events and that she needed to know the portion of the statute under which to prepare appellant's defense. She also contended that "an abduction that involves a ransom note is going to be a little bit different than an abduction for pecuniary interest." Finally, she indicated that

if the court granted her request for a bill of particulars, she would not have to file a motion attacking counts one and three of the indictment as overbroad and seeking to strike the surplusage from them.

The Commonwealth's attorney stated that the law did not require her to elect the portion of each statute under which she planned to proceed and that she would not do so. When the court asked the Commonwealth's attorney which portion of the burglary statute the Commonwealth was proceeding under, she indicated that it was proceeding on "more than one."

The trial court denied the motion for a bill of particulars, noting that "[t]he nature of the offense is told to [appellant] not only in the indictment but, also, he's had a preliminary hearing. He is not entitled to know each specific piece of evidence that supports that. The Commonwealth doesn't have to provide that."

At appellant's bench trial on the abduction charge, the Commonwealth presented no evidence that appellant raped the victim in a neighboring county, and it agreed that the abduction was supported by an intent to gain pecuniary benefit and not by an intent to defile. On the burglary charge, the Commonwealth presented evidence that the entry occurred during a daytime breaking and that, following entry, appellant committed (1) larceny of money and a firearm, (2) assault and battery by telling victim she had nowhere to run and pushing her onto the

bed and struggling with her and tying her up after the pepper
spray incident, and (3) abduction by forcing victim to accompany
him to her bank and on a "wild spree to buy drugs."

The trial court held that the evidence failed to prove that
appellant abducted victim for pecuniary gain and convicted him of
the lesser-included abduction offense in Code § 18.2-47(A), which
did not require a finding of any additional intent.  The trial
court convicted appellant of burglary under the charged statute
without specifying the underlying offense or offenses upon which
it relied.  It also convicted him of larceny of a firearm.

II.

ANALYSIS

Appellant contends the indictment failed to notify him of
the "'nature and character' of the offense[s] charged" because it
did not specify (1) under Code § 18.2-91, what time of day the
alleged burglary occurred and what crime appellant allegedly
intended to commit once he gained entry, and (2) under Code
§ 18.2-48, what force appellant allegedly used to seize victim
and for what purpose he allegedly abducted her.  We disagree and
affirm the convictions.

> Code § 19.2-220 provides that:
>     The indictment or information shall be a
> plain, concise and definite written
> statement, (1) naming the accused, (2)
> describing the offense charged, (3)
> identifying the county, city or town in which
> the accused committed the offense, and (4)
> reciting that the accused committed the
> offense on or about a certain date.  In
> describing the offense, . . . the indictment

or information may state so much of the common law or statutory definition of the offense as is sufficient to advise what offense is charged.

The indictment should also "cite the statute or ordinance that defines the offense or, if there is no defining statute or ordinance, prescribes the punishment for the offense." Rule 3A:6(a). "[T]he function of an indictment . . . is to give an accused notice of the nature and character of the accusations against him in order that he can adequately prepare to defend against his accuser." Willis v. Commonwealth, 10 Va. App. 430, 437-38, 393 S.E.2d 405, 409 (1990); see U.S. Const. amend. VI; Va. Const. art. I, § 8.

Ordinarily, an indictment sufficiently charges a statutory offense if it follows the language of the statute. See Herchenbach v. Commonwealth, 185 Va. 217, 220-21, 38 S.E.2d 328, 329 (1946). However, this rule "does not apply when the statutory language does not in itself fully and clearly set forth all the material elements of the offense." 2 Charles E. Torcia, Wharton's Criminal Procedure § 265, at 127 (13th ed. 1990); see State v. Greer, 77 S.E.2d 917, 920 (N.C. 1953).

"A court of record may direct the filing of a bill of particulars at any time before trial." Code § 19.2-230. However, a defendant is not entitled to a bill of particulars as a matter of right.[3] See Goins v. Commonwealth, 251 Va. 442, 454,

---

[3] Appellant contends that Code § 19.2-266.2 required the court to order a bill of particulars. However, that statute operates only where the defendant seeks (1) suppression of

470 S.E.2d 114, 123 (1996).  As long as an indictment sufficiently recites the elements of the offense, the Commonwealth is not required to include all evidence upon which it plans to rely to prove a particular offense, and an accused should not be permitted to use a bill of particulars to expand the scope of discovery in a criminal case.  See Quesinberry v. Commonwealth, 241 Va. 364, 372, 402 S.E.2d 218, 223 (1991).  However, the Commonwealth "should be required to fairly particularize the charge or charges [it] intends to prosecute, and not be permitted to go on a fishing expedition with a drag net.  '[An indictment or bill of particulars] should be directed at those charges as to which the prosecuting attorney expects to introduce supporting testimony.'"  Casper v. City of Danville, 160 Va. 929, 933, 169 S.E. 734, 735 (1933).  Whether to require the Commonwealth to file a bill of particulars rests within the discretion of the trial court.  See id.

If a trial court abuses its discretion in failing to order a bill of particulars, that error does not necessarily require reversal.  Where the accused is not sufficiently apprised of "the nature and cause of the accusation," U.S. Const. amend. VI, the

---

evidence as violative of search and seizure or self-incrimination protections or (2) dismissal of an indictment "on the ground that a statute upon which it was based is unconstitutional." Appellant has not alleged any grounds to bring this statute into play.  His constitutional claims relate only to the non-specificity of the indictment and do not reach the constitutionality of the underlying statutes he was charged with violating.

error is of constitutional magnitude and is "harmless [if] the reviewing court is 'able to declare a belief that it was harmless beyond a reasonable doubt.'" Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (quoting Chapman v. California, 386 U.S. 18, 24, 87 S. Ct. 824, 828, 17 L. Ed. 2d 705 (1967)).  Where the accused has been apprised of the "nature and character of the accusation," any other sort of error is non-constitutional.  Such an error is harmless

> "[w]hen it plainly appears from the record and the evidence given at trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678 (emphasis added).  "[A] fair trial on the merits and substantial justice" are not achieved if an error at trial has affected the verdict.  An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same.

Id.; see also Rule 3A:6(a) (providing that "[e]rror in the citation of the statute" is not reversible "unless the court finds that [it] prejudiced the accused in preparing his defense").

## A.

### SUFFICIENCY OF BURGLARY INDICTMENT

Appellant contends the trial court erred in not ordering the Commonwealth to file a bill of particulars on the burglary indictment to specify the time of day the offense occurred and the crime or crimes appellant intended to commit upon entry.

As to the time of day the offense occurred, we hold that the trial court did not abuse its discretion in denying the request. This portion of the indictment followed the language of the statute, reciting the specific statutory element, "did break and enter in the daytime, or enter in the nighttime." See Code §§ 18.2-90, 18.2-91. Although the language did not specify which of the time requirements the Commonwealth was relying upon, even without a bill of particulars, appellant had received specific information regarding when the Commonwealth alleged the offense occurred. Counsel for appellant noted at the hearing on the motion for a bill of particulars that the preliminary hearing evidence indicated the entry occurred during the daytime. In response to questions from the trial court on this issue, the Commonwealth's attorney indicated that appellant's counsel was present "at the preliminary hearing and is well aware of what the actual crime was." Although the evidence adduced at a preliminary hearing will not serve as a substitute for a bill of particulars, even without a bill of particulars, appellant was apprised of the specific time of the offense, and has not shown that he was prejudiced by the court's failure to require a bill of particulars.

Appellant also contends he was entitled to a bill of particulars specifying what crime or crimes the Commonwealth alleged he intended to commit upon entering victim's residence. Here, too, the Commonwealth tracked the language of the statute,

alleging that appellant "inten[ded] to commit larceny, assault and battery, or a felony other than murder, rape or robbery." Code § 18.2-91. At the hearing on the motion for a bill of particulars, the Commonwealth proffered that the evidence raised an issue of fact as to all three categories of intent. In fact, appellant was simultaneously indicted for actually committing larceny (larceny of a firearm) and a felony other than murder, rape or robbery (abduction). It is clear from the indictments that the Commonwealth was intending to charge and prove as predicate offenses at least larceny and assault and battery. In tracking the language of the statute, the Commonwealth specified the crimes for which it would offer evidence of appellant's intent to commit. Cf. Akers v. Commonwealth, 216 Va. 40, 47-48, 216 S.E.2d 28, 32-33 (1975) (under murder indictment, Commonwealth may prove killing in any manner or in different manners and was not required to elect whether it was proceeding against accused on theory that murder either was willful, deliberate and premeditated or occurred in the commission of certain enumerated felonies, including abduction); Abdell v. Commonwealth, 173 Va. 458, 473, 2 S.E.2d 293, 299 (1939) (noting that, in many cases, "the mode of death is uncertain" and "[e]very cautious pleader . . . will insert as many counts as will be necessary to provide for every possible contingency in the evidence").

Although an indictment properly may charge multiple intents,

we hold, as the Commonwealth concedes, that a burglary indictment which charges that the accused entered the premises with the intent to commit a "felony other than murder, rape or robbery" does not set forth the element of intent specifically enough to apprise the accused of the nature and character of the offense. See Taylor v. Commonwealth, 207 Va. 326, 332, 150 S.E.2d 135, 140 (1966) (noting in dicta that burglary indictment charging that accused broke and entered "'with intent . . . to commit a felony' [failed to] apprise[] [the accused] of the offense which he is required to answer"). Under the facts of this case, however, we hold that any error was harmless beyond a reasonable doubt. As noted above, appellant was indicted for abduction and burglary simultaneously, thereby informing the accused that abduction was the "felony other than murder, rape or robbery" that appellant was accused of intending to commit when he entered victim's residence. Appellant specified no other predicate offense for which he felt obligated to prepare a defense, and he does not contend that he was surprised or unprepared for the evidence at trial. The only harm he alleged is the anxiety he experienced due to the uncertainty that the Commonwealth might present evidence of other crimes, such as the charged rape in the adjoining county. Despite appellant's anxiety, the trial court's error in not requiring the Commonwealth to particularize which felony or felonies on which it would rely was harmless beyond a reasonable doubt.

## SUFFICIENCY OF ABDUCTION INDICTMENT

Appellant contends the trial court should have required the Commonwealth to specify what "nature of force" appellant used to seize victim. We disagree. The abduction statute includes as an element that the illegal seizure occurred "by force, intimidation or deception." See Code §§ 18.2-47, 18.2-48. The Commonwealth, by specifying in the indictment that the abduction was accomplished "by force, threat or intimidation," sufficiently notified appellant of the nature of the charge against him. Requiring the Commonwealth to file a bill of particulars further describing the nature of the force used would have required disclosure of the evidence upon which it planned to rely to prove this element. Therefore, the trial court did not abuse its discretion in denying the motion on this point.

Appellant also contends the trial court should have required the Commonwealth to elect the specific intent or intents upon which it relied to charge abduction under Code § 18.2-48. Assuming without deciding that appellant was entitled to know which of the three specific intents enumerated in Code § 18.2-48 the Commonwealth intended to prove, see Hughes v. Commonwealth, 18 Va. App. 510, 530, 446 S.E.2d 451, 463 (1994) (en banc) (Coleman, J., concurring) (noting that "a person often acts with two or more criminal intentions"), we hold that the trial court's failure to require disclosure of this information was harmless.

After hearing all the evidence, the trial court convicted appellant under Code § 18.2-47, a lesser-included offense of Code § 18.2-48. Code § 18.2-47 requires proof only of an intent to deprive victim of his or her liberty, whereas Code § 18.2-48 requires proof of the additional intent "to extort money[,] . . . [for] pecuniary benefit," or "to defile." In light of this lesser conviction and because appellant has alleged no specific prejudice from this denial, we hold that the trial court's error, if any, was harmless beyond a reasonable doubt.

For these reasons, we affirm appellant's convictions.

Affirmed.
