COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Clements and Senior Judge Hodges
Argued at Chesapeake, Virginia


JOHN DOE, D.D.S.

                                        MEMORANDUM OPINION* BY
v.    Record No. 0298-00-1              JUDGE WILLIAM H. HODGES
                                           OCTOBER 31, 2000
VIRGINIA BOARD OF DENTISTRY


        FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                  AND COUNTY OF JAMES CITY
                 Samuel T. Powell, III, Judge

         James J. Knicely (Dwight G. Rudd; Knicely &
         Associates, P.C., on briefs), for appellant.

         Howard M. Casway, Assistant Attorney General
         (Mark L. Earley, Attorney General; Ashley L.
         Taylor, Jr., Deputy Attorney General; Jane D.
         Hickey, Senior Assistant Attorney General,
         on brief), for appellee.


     John Doe, D.D.S. (appellant) appeals a decision of the

circuit court affirming an order of the Virginia Board of

Dentistry ("the Board") reprimanding appellant for violating

certain statutes and regulations during the treatment of a

patient.  Appellant argues the trial court erred in:  (1)

affirming the Board's pre-hearing distribution of evidence to the

Board members and affirming the Board's refusal to exclude

irrelevant and prejudicial evidence; (2) affirming the Board's

statement of particulars and allowing the Board to make findings

---------

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

on offenses not charged; (3) affirming the Board's improper exclusion of evidence; (4) finding that the record contained substantial evidence to support the Board's decision; and (5) affirming the involvement of the Board's counsel in the Board's deliberations. We find that the Board did not provide appellant with an appropriate statement of particulars and erred in making findings on an offense for which the Board did not charge appellant. Therefore, we reverse and dismiss the case. Because we reverse and dismiss the case on this issue, we need not address appellant's remaining four issues.

BACKGROUND

On February 11, 1998, the Board sent appellant a letter informing him that a special conference committee would hold an informal conference pursuant to Code §§ 9-6.14:11 and 54.1-2400(10) to review allegations that appellant had violated Code §§ 54.1-2706(A)(5), -2706(A)(9), -2706(A)(10), 18 VAC 60-20-150(B)(5) and 18 VAC 60-20-170(4). The letter alleged:

> On or about March 4, 1997, Patient [A] presented to you with Tooth #7 broken. You failed to properly evaluate this patient, to include radiographs; and recommended a treatment plan of extraction of Teeth # 7 through #10 and placement of upper and lower partials without discussing other treatment options. On or about March 17, 1997, this patient was evaluated by another dentist who opined that your treatment plan was unnecessary.

On March 27, 1998, the special conference committee met and determined the allegations against appellant were founded. The

committee concluded appellant had violated the cited Code sections. On April 10, 1998, the committee issued an order imposing a reprimand on appellant. The committee found:

> Appellant failed to properly evaluate [Patient A], to include taking radiographs, and recommended a treatment plan of extraction of Teeth #7 through #10 and placement of upper and lower partials without discussing other treatment options. He caused a cast metal framework to be constructed without said proper evaluation.

On May 8, 1998, appellant sent a letter to the executive secretary of the Board objecting to the "substantive conclusions" of the order. Appellant also objected to the order because it did "not provide sufficient factual findings to establish each of the alleged violations." Appellant requested that the committee reconsider its decision and "replace the generalized findings of fact with specific factual findings that support each conclusion of law." In the event that the committee was unwilling to reconsider its decision, appellant requested that the Board provide him with "the particular factual allegations that the Board believes establish each of the five alleged separate violations of law so that [appellant] [could] prepare his defense as to each such violation before the full Board." The committee refused to amend the order. Appellant appealed the order and proceeded to a formal hearing before the Board.

-

On May 19, 1998, appellant requested that the Board provide him with "specific factual allegations as to the manner in which he violated" each of the statutes and regulations cited by the committee.  Appellant also requested identification of the "specific Code provision or Board regulation he [wa]s charged with violating under Code § 54.1-2706(A)(9) and 18 VAC 60-20-170(4)."

On June 4, 1998, the Board issued a notice of hearing.  The statement of particulars stated as follows:

> The Board alleges that [appellant] has violated [Code] §[§] 54.1-2706(A)(5), [-2706(A)](9) and [-2706(A)](10) . . . and 18 VAC 60-20-150(B)(5) and [18 VAC] 60-20-170(4) . . . in that:
>
> On or about March 4, 1997, Patient A presented to [appellant] with Tooth #7 broken.  [Appellant] failed to properly evaluate this patient, to include taking radiographs, and recommended a treatment plan of extraction of Teeth #7 through #10 and placement of upper and lower partials without discussing other treatment options. He caused a cast metal framework to be constructed without said proper evaluation. On or about March 17, 1997, this patient was evaluated by another dentist who opined that Tooth # 7 could be repaired and that [appellant]'s treatment plan was unnecessary.

Thus, the Board's statement of particulars was essentially identical to the facts provided in the notice of informal hearing, with the exception that the Board's statement included a sentence concerning the construction of a cast metal framework.

-

On June 18, 1998, appellant filed a Motion to Strike the Statement of Particulars and/or Dismiss the Complaint on the grounds that the statement of particulars contained "conclusory allegations that [appellant] violated three statutory provisions and two regulations of the Board without sufficient factual specificity . . . so that it was impossible for [appellant] to determine what specific conduct the Board alleges he engaged in as to violate the respective alleged violations of law." Appellant further contended the statement of particulars, by citing the "catch-all" provisions of Code §§ 54.1-2706(A)(9) and 18 VAC 60-20-170(4), did not specify which laws or regulations appellant allegedly violated. Thus, appellant was unable to determine the violations with which he was charged or the conduct that resulted in the alleged violations.

The Board denied the motion to strike and scheduled a date for a formal hearing. Appellant renewed the motion to strike, which again the Board denied.

The formal hearing was held on September 18, 1998. Prior to the hearing, appellant renewed his motion to strike and dismiss, which was denied. The Board made the following findings of fact, in pertinent part:

> On or about March 4, 1997, [appellant], by his own admission, failed to properly evaluate Patient A. In particular, [appellant] negligently failed to adequately document and evaluate a clinical examination, including radiographs, a

-

> recorded periodontal examination, treatment plan and caries charting.
>
> Furthermore, [appellant] recommended the placement of a maxillary removable partial denture without documenting other treatment options or the discussion of risks.

The Board found that these facts constituted a violation of Code §§ 54.1-2706(A)(5) and -2706(A)(9), 18 VAC 60-20-150(B)(3), 18 VAC 60-20-150(B)(5), and 18 VAC 60-20-170(4).

Appellant appealed the Board's decision to the circuit court on the ground that the Board violated his due process rights because the statement of particulars was "vague, overbroad and insufficiently specific as to the facts supporting each violation of law . . . so as to prevent [appellant] from understanding the nature of the charges against him and preparing an adequate defense." Appellant also argued that the Board's finding that he violated 18 VAC 60-20-150(3), a regulation that the Board had never cited in its charges or statement of particulars, was a violation of his due process rights.

The trial court affirmed the Board's findings, stating in its order that the notice and hearing and statement of particulars issued by the Board were "proper and reasonable and not so overbroad that . . . [a]ppellant was constitutionally deprived of any right."

-

ANALYSIS

"Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." Carey v. Piphus, 435 U.S. 247, 259 (1978). The rules "guarantee[ ] that a person shall have reasonable notice and opportunity to be heard before any binding order can be made affecting the person's rights to liberty or property." McManama v. Plunk, 250 Va. 27, 34, 458 S.E.2d 759, 763 (1995).

We find that the trial court erred in ruling that the Board's statement of particulars gave appellant sufficient notice of the charges against him. The Board alleged appellant violated Code § 54.1-2706(A)(9). This statute provides that the Board may reprimand a licensee, or suspend or revoke a license for "violating, assisting, or inducing others to violate any provision of this chapter or any Board regulation." Code § 54.1-2706(A)(9).

In addition, the Board alleged appellant violated 18 VAC 60-20-170(4), which provides that unprofessional conduct includes "[c]ommitting any act in violation of the Code . . . reasonably related to the practice of dentistry and dental hygiene." Although appellant, on several occasions, specifically requested the Board to identify the precise statute or regulation to which the Board was referring by citing these broad, "catch-all" provisions, the Board failed to provide appellant with an answer. Moreover, the Board failed to identify the conduct of appellant

-

that established the unspecified violation or violations.  We agree with appellant that this "drag-net" approach violated his due process rights.

The Board also alleged that appellant violated Code § 54.1-2706(A)(5) which provides for a reprimand or license revocation for "[i]ntentional or negligent conduct in the practice of dentistry or dental hygiene which causes or is likely to cause injury to a patient."  The Board's statement of particulars did not specify what conduct caused or was likely to cause injury to the patient.  The Board alleged only that appellant failed to take a radiograph of the patient, caused a cast metal framework to be constructed, and recommended a course of treatment which was unnecessary.  Nothing in the Board's statement of particulars indicated the patient was injured or was likely to be injured by appellant's conduct.

Likewise, the Board's statement of particulars failed to allege the particular standard of ethics or dental hygiene or the specific conduct of appellant that resulted in an allegation that appellant violated Code § 54.1-2706(A)(10).[1]

---

[1] Code § 54.1-2706(A)(10) provides that the Board can reprimand, or suspend or revoke the license of a dentist for "[c]onducting his practice in a manner contrary to the standards of ethics of dentistry or dental hygiene or in a manner presenting a danger to the health and welfare of his patients or to the public."

-

Furthermore, after the formal hearing, the Board found appellant had violated 18 VAC 60-20-150(B)(3),[2] a record keeping regulation which the Board had never alleged appellant violated. The Board contends that the basis for this violation was appellant's admission during the hearing that he understood that he "need[s] to make more notations [in his patients' records] so that other people can see what was going on."

In In Re Ruffalo, 390 U.S. 544 (1968), an attorney was charged with twelve counts of misconduct. During his testimony at his disciplinary hearing, the attorney made a statement resulting in the Board of Commissioners on Grievances and Discipline adding a thirteenth charge. The United States Supreme Court held that the lack of notice to the attorney as to "the reach of the grievance procedure and the precise nature of the charges" deprived the attorney of procedural due process. Id. at 552. The Court stated:

> These are adversary proceedings of a quasi-criminal nature. The charge must be known before the proceedings commence. They become a trap when, after they are underway, the charges are amended on the basis of testimony of the accused. He can then be given no opportunity to expunge the earlier statements and start afresh.

---

[2] 18 VAC 60-20-150(B)(3) provides that a dentist shall maintain patient records, including "diagnosis and treatment rendered," for a specified period of time and for purposes of review by the Board.

-

_Id._ at 551.  Accordingly, we find that the Board erred in finding that appellant violated a regulation for which he was not charged in the notice of formal hearing.

Prior to his formal hearing before the Board, appellant was entitled to "reasonable notice of . . . the matters of fact and law asserted or questioned" by the Board.  Code § 9-6.14:12(B)(iii).  We find that the Board failed to provide appellant with reasonable notice of the facts and law asserted.  As in the criminal context, the Board

> should be required to fairly particularize the charge or charges [it] intends to prosecute, and not be permitted to go on a fishing expedition with a drag net.  "The bill should be directed at those charges as to which the [Board] expects to introduce supporting testimony."

_Casper v. City of Danville_, 160 Va. 929, 933, 169 S.E. 734, 735 (1933) (citation omitted).

> "[E]very one accused of crime is entitled to have stated in plain and unequivocal terms the offense for which he is to be prosecuted.  This much will be required even in a civil case.  The State has no desire to leave one of its citizens in doubt or uncertainty as to any offenses charged against him.  Prosecuting attorneys know, or ought to know, in advance, what they can prove, and ordinary justice demands that they should give the accused a fair statement of the offense for which he is to be prosecuted."

_Id._ at 932, 169 S.E. at 735 (citation omitted) (emphasis added).

-

For these reasons, we find that the trial court erred in ruling that the Board's statement of particulars was sufficient. Accordingly, we reverse and dismiss this case.

Reversed and dismissed.