## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Jamie Aaron Kuhne

April 22, 2010
(Corrected June 1, 2010)

Case No. FE-2010-224

BY JUDGE JANE MARUM ROUSH

This matter came on for a hearing on March 26, 2010, on the defendant's Corrected Notice and Motion for Bill of Particulars (the "Motion"). At that time, the court took the Motion under advisement. I have now had the opportunity fully to consider the Motion, the arguments of counsel, and the applicable law. For the reasons stated below, the Motion will be granted in part and denied in part.

The defendant is charged with murder. He has moved the court for a bill of particulars. The Motion requests two types of bills of particulars: first, a bill of particulars under Va. Code § 19.2-266.2(C), and, second, a bill of particulars under Va. Code § 19.2-230.

*Bill of Particulars under § 19.2-266.2(C)*

Pursuant to Va. Code § 19.2-266.2(C), the defendant requests that this Court order the Commonwealth to disclose "information necessary for

the Defendant to prepare timely motions and objections pursuant to Va. Code § 19.2-266.2."

Specifically, under § 19.2-266.2(C), the defendant seeks the following information:

> A. The date, location, persons involved, character of property or materials searched or seized, and supporting legal documentation requesting and authorizing law enforcement to conduct searches or seizures affecting or reasonably likely to have affected Mr. Kuhne's Fourth Amendment rights, including but not limited to body searches, electronic searches, computer searches, internet searches, subscriber information, searches of real property, automobiles, personal property, cell phone records, telephone records, and other records;
>
> B. The time, date, location, persons involved, and substance of any statements allegedly made by Mr. Kuhne affecting or potentially affecting his Fifth or Sixth Amendment rights;
>
> C. The date, location, persons involved, and substance of any statements allegedly made by any third party which the prosecution may seek to introduce as an admission against penal interest or other hearsay exception, which implicates or potentially implicates Mr. Kuhne's constitutional rights including his right of confrontation; and
>
> D. The date, location, persons involved, and substance of statements allegedly made at any lineup, showup, photo array, or other identification procedure affecting or potentially affecting Mr. Kuhne's Fifth or Sixth Amendment rights.

Motion, pp. 2-3.

The Commonwealth did not file a written objection to the Motion, but did object orally at the hearing on March 26, 2010.

The Commonwealth has provided defense counsel with a copy of the defendant's videotaped statement to the police and with a report of the forensic examination of electronic media seized from the defendant's residence pursuant to a search warrant.

*Va. Code § 19.2-266.2(C)*

Va. Code § 19.2-266.2 provides that certain defense motions or objections must be in writing and filed before trial. Subsection (C) of Va. Code § 19.2-266.2 provides, in pertinent part, that:

> [t]o assist the defense in filing *such motions or objections* in a timely manner, the circuit court shall, upon motion of the defendant, direct the Commonwealth to file a bill of particulars pursuant to § 19.2-230.

Va. Code § 19.2-266.2(C) (emphasis added).

Only one Virginia appellate case interprets the scope of Va. Code § 19.2-266.2(C). In *Sims v. Commonwealth*, 28 Va. App. 611, 619, n. 3, 507 S.E.2d 648 (1998), the Virginia Court of Appeals noted that Va. Code § 19.2-266.2(C) "operates only where the defendant seeks (1) suppression of evidence as violative of search and seizure or self-incrimination protections or (2) dismissal of an indictment 'on the ground that a statute upon which it was based is unconstitutional'." Further, "an accused should not be permitted to use a bill of particulars to expand the scope of discovery in a criminal case." *Id.* at 620.

The *Sims* case makes clear that use of the phrase "such motions or objections" in Va. Code § 19.2-266.2(C) does not mean *any* motion or objection based on a perceived constitutional violation. "[S]uch motions or objections" refers to those motions or objections specified in Va. Code § 19.2-266.2(A).

Thus, a bill of particulars is appropriate under Va. Code § 19.2-266.2(C) only if it will assist the defendant in bringing certain motions or objections. Those motions or objections are:

> 1. A motion to suppress evidence on the grounds that it was obtained in violation of constitutional protections against illegal searches and seizures;
> 2. A motion to suppress evidence on the grounds that it was obtained in violation of the defendant's rights against compelled self-incrimination;
> 3. A motion to dismiss on the basis of double jeopardy;
> 4. A motion to dismiss based on the defendant's right to a speedy trial; and

5. A motion to dismiss on the basis that the statute under which the defendant is being prosecuted is unconstitutional.

Va. Code § 19.2-266.2(A).

In this case, there is no contention that the defendant has twice been placed in jeopardy. Nor is there any argument that he has been denied his right to a speedy trial. The defendant does not question the constitutionally of the statute under which he is being prosecuted. Therefore, the only possible bases for a bill of particulars under Va. Code § 19.2-266.2(C) is to assist the defendant in bringing a motion or objection on the basis of a violation of his constitutional protections against illegal searches and seizures or compelled self-incrimination.

Turning to the defendant's specific requests, the information requested in Paragraph A of the Motion will assist the defendant in bringing a motion or objection related to a possible violation of his right to be free from illegal searches and seizures.

Similarly, the information requested in Paragraph B of the Motion will assist the defendant in bringing a motion or objection related to a possible violation of his rights against compelled self-incrimination.

The information requested in Paragraph C of the Motion will not assist the defendant in bringing a motion or objection within the ambit of Va. Code § 19.2-266.2(A). Instead, the requested information relates to his Sixth Amendment right to be confronted with the witnesses against him, which is not one of the rights referred to in Va. Code § 19.2-266.2(A).

Paragraph D of the Motion requests information about identification procedures to assist the defendant in bringing motions or objections asserting a violation of his rights protected by the Fifth and Sixth Amendments. Identification procedures may implicate the defendant's right to confrontation or right to counsel protected under the Sixth Amendment. Those rights, however, are not within the scope of Va. Code § 19.2-266.2(A). Identification procedures may implicate the defendant's Fifth Amendment right to be free from compulsory self-incrimination, which is a right within the scope of Va. Code § 19.2-266.2(A). It appears, however, that there is no issue of identification in this case. According to the defendant's submissions to the court, the defendant voluntarily entered the Herndon Police Station and handed the police a note that said he had killed his wife.

In consideration of the foregoing, the defendant's Motion for a Bill of Particulars under Va. Code § 19.2-266.2(C) will be granted as to

paragraphs A and B, and denied as to Paragraphs C and D. The defendant's request in paragraph E, that "[i]f some or all of this information and/or materials has been provided to the defense, please indicate when and in what form," will be granted to the extent it relates to paragraphs A and B. The Commonwealth should verify to the defendant that in this case there was no lineup, show-up, photo array, or similar identification procedure employed.

### *Bill of Particulars under Va. Code § 19.2-230*

The defendant also seeks under Va. Code § 19.2-230 a bill of particulars giving him notice of "each alleged offense in this matter." Specifically, the defendant seeks a written statement of:

> A. The time, date, place, and manner in which the crime charged in the indictment allegedly occurred.
> B. The precise state of mind, either anger, hatred, or revenge, that the Commonwealth relies on in asserting the element of malice.
> C. The deliberate, willful, and cruel act or acts allegedly committed in this case which support an inference of malice.
> D. The precise facts or circumstances which demonstrate that Mr. Kuhne's mind was "under the control of reason" at the time of his wife's death.
> E. The precise facts or circumstances which demonstrate that Mr. Kuhne acted with a deliberate design to kill.
> F. The precise facts or circumstances which demonstrate that Mr. Kuhne acted with conscious reflection in causing his wife's death.

Motion, p. 3.

The Commonwealth objected orally to this part of the Motion at the hearing on March 26, 2010. The Commonwealth contends that the indictment in this case adequately informs the defendant of the charge against him.

*Va. Code § 19.2-230*

Va. Code § 19.2-230 provides, in pertinent part, that "[a] court of record may direct the filing of a bill of particulars at any time before trial."

A defendant is not entitled to a bill of particulars under that statute as a matter of right. *Quesinberry v. Commonwealth*, 241 Va. 364, 372, 402 S.E.2d 218 (1991). "The purpose of a bill of particulars is to state sufficient facts regarding the crime to inform an accused in advance of the offense for which he is to be tried. He is entitled to no more." *Swisher v. Commonwealth*, 256 Va. 471, 480, 506 S.E.2d 763 (1998).

"A bill of particulars will not expand the scope of discovery in a criminal case." *Raja v. Commonwealth*, 40 Va. App. 710, 723, 581 S.E.2d 237 (2003) (*citing Sims v. Commonwealth*, 28 Va. App. 611, 619-20, 507 S.E.2d 648 (1998)). *See also Quesinberry*, 241 Va. at 372.

The indictment in this case states:

On or about the 11th day of December, 2009, in the County of Fairfax, Jamie Aaron Kuhne did feloniously kill and murder Minghua Zheng. Va. Code § 18.2-32.

"[I]n Virginia, if the indictment gives a defendant sufficient notice of the nature and character of the offense charged so he can make his defense, no bill of particulars is required." *Muhammad v. Commonwealth*, 269 Va. 451, 493, 619 S.E.2d 16 (2005).

The indictment in this case closely parallels the "short form" of indictment set forth in Va. Code § 19.2-221. An indictment that conforms Va. Code § 19.2-221 is sufficient to charge the defendant with murder. *Barber v. Commonwealth*, 206 Va. 241, 142 S.E.2d 484 (1965). An indictment that conforms to the statute embraces a charge of murder in the first degree, murder in the second degree, and manslaughter. *Hevener v. Commonwealth*, 189 Va. 802, 813, 54 S.E.2d 893 (1949). The Commonwealth is not required to specify in the indictment the degree of homicide it intends to prove at trial. *Simpson v. Commonwealth*, 221 Va. 109, 267 S.E.2d 134 (1980); *Walshaw v. Commonwealth*, 44 Va. App. 103, 603 S.E.2d 633 (2004).

In this case, each of the components of the defendant's request for a bill of particulars under Va. Code § 19.2-230 seeks to discover the Commonwealth's evidence and theory on the issue of malice.

There is no requirement that an indictment for murder expressly include an allegation that the defendant acted with malice. *Barber v.*

*Commonwealth*, 206 Va. 241, 246-247, 142 S.E.2d 484 (1965). Therefore, a bill of particulars on the Commonwealth's theory and evidence on the issue whether or not the defendant acted with malice is not required. To require the Commonwealth to disclose its evidence on the issue of malice would appear to be an improper use of a bill of particulars to expand the scope of discovery in a criminal case. *See Quesinberry*, 241 Va. at 372. Accordingly, the Motion will be denied to the extent it requests a bill of particulars under Va. Code § 19.2-230.

## Conclusion

For the reasons stated, the defendant's Corrected Notice and Motion for a Bill of Particulars will be granted in part and denied in part. That part of the Motion that requests a bill of particulars under Va. Code § 19.2-266.2(C) will be granted to as to the requests contained in paragraphs A, B, and E. The remainder of the Motion will be denied.