UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges AtLee, Athey and White

ERIC ANTHONY FALLS

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0437-24-3          JUDGE KIMBERLEY SLAYTON WHITE
                                                           APRIL 8, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
Joel R. Branscom, Judge

(John S. Koehler; The Law Office of James Steele, PLLC, on briefs),
for appellant.

(Jason S. Miyares, Attorney General; William K. Hamilton, Senior
Assistant Attorney General, on brief), for appellee.


Eric Anthony Falls appeals his convictions for various sexual offenses committed against

a minor.  He argues that the trial court abused its discretion by denying his pretrial motion for a

bill of particulars.  We affirm.[1]

BACKGROUND

B.L.M.[2] was four years old when Falls began dating her mother in 2009.  In March 2023,

a grand jury indicted Falls for various sexual offenses committed against B.L.M.  Each

_____

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] After examining the briefs and record in this case, the panel unanimously holds that oral
argument is unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a);
Rule 5A:27(a).

[2] We use initials to protect the privacy of the child.

indictment included a date range of about six months. The chart below shows the date ranges for the offenses of which Falls was ultimately convicted[3]:

| Offense | Date Range |
|---|---|
| Aggravated Sexual Battery < 13 years old | July 1, 2012 to December 31, 2012 |
| Aggravated Sexual Battery < 13 years old | January 1, 2015 to June 30, 2015 |
| Aggravated Sexual Battery < 13 years old | July 1, 2015 to December 31, 2015 |
| Aggravated Sexual Battery < 13 years old | January 1, 2016 to June 30, 2016 |
| Aggravated Sexual Battery < 13 years old | July 1, 2016 to December 31, 2016 |
| Aggravated Sexual Battery < 13 years old | January 1, 2017 to June 30, 2017 |
| Aggravated Sexual Battery < 13 years old | July 1, 2017 to December 31, 2017 |
| Aggravated Sexual Battery < 13 years old | January 1, 2018 to June 28, 2018 |
| Aggravated Sexual Battery 13-18 years old | January 1, 2020 to June 30, 2020 |
| Aggravated Sexual Battery 13-18 years old | July 1, 2020 to December 31, 2020 |
| Aggravated Sexual Battery 13-18 years old | January 1, 2021 to June 30, 2021 |
| Aggravated Sexual Battery 13-18 years old | July 1, 2021 to December 31, 2021 |
| Object Sexual Penetration < 13 years old | January 1, 2016 to June 30, 2016 |
| Object Sexual Penetration < 13 years old | July 1, 2016 to December 31, 2016 |
| Object Sexual Penetration < 13 years old | January 1, 2017 to June 30, 2017 |
| Object Sexual Penetration < 13 years old | July 1, 2017 to December 31, 2017 |
| Object Sexual Penetration < 13 years old | January 1, 2018 to June 28, 2018 |
| Carnal Knowledge 13-15 years old | July 1, 2018 to December 31, 2018 |
| Carnal Knowledge 13-15 years old | January 1, 2019 to June 30, 2019 |

---

[3] Falls originally faced 36 charges; 7 charges were nolle prosequied on the Commonwealth's motion, and the trial court struck 7 more charges on Falls's motion at trial.

| Carnal Knowledge 13-15 years old | July 1, 2019 to December 31, 2019 |
|---|---|
| Carnal Knowledge 13-15 years old | January 1, 2020 to June 28, 2020 |
| Attempted Rape < 13 years old | July 1, 2017 to December 31, 2017 |

B.L.M. turned 13 years old on June 29, 2018, and 15 years old on June 29, 2020.

The court first set the trial date for July 2023 but later continued the case to October 24, 2023, on Falls's motion. On October 20, 2023, more than seven months after the indictments and just four days before trial, Falls moved for a bill of particulars. He argued that the date ranges in the indictments were insufficiently particularized and requested a more specific date, time, and place for each charge and a summary of how each charged offense was committed.

The trial court denied the motion for "two reasons." First, the court found that the motion was untimely because Falls did not raise it more than seven days before trial. Second, the court held that the Commonwealth did not need to prove the exact date for each offense because time was not of the essence.

B.L.M. testified at trial that Falls entered the shower with her naked weekly when she was seven years old and touched her breasts, butt, and vagina. He continued to do so as she got older. Shortly before B.L.M. turned ten years old, Falls took her to a hotel and induced her to perform oral sex on him. When B.L.M. was 11 years old, Falls started putting his fingers inside her vagina about "once a month." When B.L.M. was 12 years old, Falls tried to put his penis in her vagina for the first time but stopped when she cried out in pain.

Falls continued showering with B.L.M. and putting his fingers in her vagina after she turned 13. He also began putting his mouth on her breasts, vagina, and anus and inducing her to perform oral sex on him, often by paying her. B.L.M. estimated that she performed oral sex "once every two weeks," and "at least once a month" when she was 14 years old.

Falls continued abusing B.L.M. after she turned 15 but the frequency of the showers decreased to about once a month. When she turned 16, he started paying her for sex. But each time he tried putting his penis in B.L.M.'s vagina, she would stop him because "[i]t hurt too much." The abuse continued until around Christmas 2021.

The jury convicted Falls of the 22 offenses recited above. The trial court sentenced Falls to five life terms plus 290 years' incarceration with 262 years suspended.

## ANALYSIS

An indictment is "a plain, concise and definite written statement" identifying the defendant, describing the charged offense, identifying the location of the offense, and "reciting that the accused committed the offense on or about a certain date." Code § 19.2-220. An indictment is not invalid "[f]or omitting to state, or stating imperfectly, the time at which the offense was committed when time is not the essence of the offense." Code § 19.2-226(6). In sexual offenses involving victims of certain ages, where "there is no dispute that the crime, assuming it occurred, involved a minor child" or a child younger than the age specified by the applicable statute, "[t]he allegation of time . . . is not of such constitutional import because time was not of the essence of the offense charged." *Clinebell v. Commonwealth*, 3 Va. App. 362, 367 (1986), *aff'd in part and rev'd in part on other grounds*, 235 Va. 319 (1988).[4]

On the defendant's motion, a trial court "may direct the filing of a bill of particulars at any time before trial." Code § 19.2-230. "The trial court's decision whether to require the Commonwealth to file a bill of particulars is a matter that rests within its sound discretion." *Shaw v. Commonwealth*, 79 Va. App. 485, 525 (2024) (quoting *Swisher v. Commonwealth*, 256 Va. 471, 480 (1998)). "Generally, 'where the indictment "give[s] the accused 'notice of the nature and

---

[4] In *Clinebell*, the Supreme Court "affirm[ed] the holding and rationale of" this Court rejecting an argument "that the indictments were fatally defective because they failed to specify the exact dates of the alleged offenses." 235 Va. at 321.

character of the offense charged so he can make his defense[,]' a bill of particulars is not required.""" *Id.* (alterations in original) (quoting *Rams v. Commonwealth*, 70 Va. App. 12, 42 (2019)). And "[a]s long as the indictment sufficiently recites the elements of the offense, the Commonwealth is not required to include all evidence upon which it plans to rely to prove a particular offense." *Id.* (quoting *Sims v. Commonwealth*, 28 Va. App. 611, 619-20 (1998)).

The defendant must move for a bill of particulars at least seven days before trial. Code § 19.2-230. The trial court denied Falls's motion for a bill of particulars in part because it was late. Falls did not dispute the motion's lateness to the trial court. Indeed, he concedes on appeal that the motion was untimely under Code § 19.2-230, which he admits "support[s] the circuit court's ruling." Nonetheless, he argues that the trial court should have overlooked the motion's untimeliness because the ends of justice required it and Falls had been negotiating with the Commonwealth about possible amendments to the indictments. In other words, Falls asserts an ends of justice or good cause exception to the deadline in Code § 19.2-230, exceptions not contained in the statute's text. He did not make that argument below but contends that we should also overlook that failure under the more recognized ends of justice exception to Rule 5A:18.[5]

"The 'ends of justice' exception to Rule 5A:18 is 'narrow and is to be used sparingly.'" *Melick v. Commonwealth*, 69 Va. App. 122, 146 (2018) (quoting *Pearce v. Commonwealth*, 53 Va. App. 113, 123 (2008)). "This Court considers two questions when deciding whether to

---

[5] "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. The objection "must be both specific and timely." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). "Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." *Edwards v. Commonwealth*, 41 Va. App. 752, 760-61 (2003) (en banc) (citing *Clark v. Commonwealth*, 30 Va. App. 406, 411-12 (1999)). A contemporaneous objection allows opposing counsel and the trial court a fair opportunity to address the challenge and prevent unnecessary appeals and retrials. *Bethea*, 297 Va. at 743-44; *Scialdone v. Commonwealth*, 279 Va. 422, 437 (2010); *Jones v. Commonwealth*, 71 Va. App. 597, 607 (2020).

apply the ends of justice exception: '(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice.'" *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). "[T]o avail oneself of the exception, [the appellant] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Holt v. Commonwealth*, 66 Va. App. 199, 210 (2016) (en banc) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997)).

We decline to apply the exception here. The indictments accounted for the offenses for which time is of the essence by, for example, limiting the date range for the charges of aggravated sexual battery of a victim under 13 years old to before B.L.M.'s 13th birthday. Even so, Falls argues that the date ranges in the indictments were too long to allow him to prepare an adequate defense or assert an alibi. But "[i]t is in the nature of child abuse cases involving a parent that an alibi defense almost always will be difficult to prove." *Clinebell*, 3 Va. App. at 367. "It is rare indeed that a custodial parent could prove, using an alibi-based defense, that there was never an opportunity for the parent to commit such a crime." *Id.* That fact "is particularly true where the criminal conduct first begins when the child is very young and comes to light only after the child becomes more mature." *Id.*

Furthermore, requiring a child to "be able to recall the exact date an event occurred in his or her life in order to obtain a conviction would too often preclude prosecutions in this type of case where the victims are children and the crimes are not discovered until some time after their commission." *Clifford v. Commonwealth*, 48 Va. App. 499, 518 (2006) (quoting *Marlowe v. Commonwealth*, 2 Va. App. 619, 625-26 (1986)), *rev'd on other grounds*, 274 Va. 23 (2007). "The Commonwealth's case would too often fail because it could not specify the exact date of the offense against the child. It is this same reasoning which permits the Commonwealth to

prove the commission of the crime charged on a date different than that alleged in the indictment." *Id.* at 518-19 (quoting *Marlowe*, 2 Va. App. at 626). Indeed, this Court will not reverse a defendant's convictions even if the Commonwealth failed to prove that the offenses against a child occurred within the time periods recited in the indictment. *See Farhoumand v. Commonwealth*, 288 Va. 338, 351 (2014) (explaining that, in a case involving sexual crimes against a child, "the Commonwealth may prove the commission of a crime charged on a date different from that alleged in the indictment" (quoting *Harris v. Commonwealth*, 185 Va. 26, 33 (1946))).

Falls makes no specific argument as to how a narrower date range would have affected his defense. Accordingly, even if we assume that Code § 19.2-230 has an ends of justice or good cause exception that can excuse a defendant's untimely motion, Falls has failed to show that the trial court's denial of his motion resulted in a miscarriage of justice. Therefore, we affirm.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*