COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Frank and Senior Judge Hodges
Argued at Salem, Virginia


PATRICK J. MANNIX, S/K/A
 PATRICK J. MANNIX, SR.
                                            OPINION BY
v.    Record Nos. 2797-98-3 and     JUDGE SAM W. COLEMAN III
                  2798-98-3              JANUARY 4, 2000

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                 Nicholas E. Persin, Judge Designate

        Randall B. Campbell for appellant.

        Donald E. Jeffrey, III, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     Patrick J. Mannix was convicted in a jury trial of

disorderly conduct, in violation of Code § 18.2-415(A), and

obstruction of justice, in violation of Code § 18.2-460.  On

appeal, Mannix argues (1) the trial court erred in refusing to

instruct the jury that a person has a right to resist an

unlawful ejection from a public meeting, (2) the trial court

erred in limiting his cross-examination regarding the Washington

County Board of Supervisors Chairman's knowledge of

parliamentary procedures for limiting or terminating a citizen's

comments during a public meeting, and (3) the evidence is

insufficient to support his convictions.  For the following

reasons, we affirm the convictions.

I. BACKGROUND

The Washington County Board of Supervisors conducted a public hearing to solicit comments from citizens regarding an annexation agreement with the City of Bristol. Patrick J. Mannix requested to speak during the "citizens' comments" portion of the meeting. Mannix took the podium and began questioning the county attorney regarding the legality of the notice and advertising for the meeting. After Mannix posed several argumentative questions, the board's chairman instructed Mannix to confine his remarks to the annexation agreement. Instead of complying with the purpose of the meeting, Mannix became argumentative and accusatory with the chairman. The chairman ruled Mannix "out of order" and directed him to take his seat.

After Mannix ignored the chairman's repeated orders to be seated, the chairman instructed two uniformed deputies from the Washington County Sheriff's Department to remove Mannix from the meeting. Mannix was informed that he was not under arrest, but that he was "out of order" and was being ejected from the meeting. Mannix refused to leave, stating repeatedly that if he was not under arrest, he would not leave. The deputies forcibly removed Mannix from the room. The deputies had difficulty restraining Mannix, who was struggling and resisting their attempt to remove him from the room. Mannix was arrested for

disorderly conduct and obstruction of justice. Both deputies testified that they sustained minor injuries.

## II. ANALYSIS

### A. Jury Instruction

Mannix argues that the trial court erred in refusing to instruct the jury that if he was being unlawfully ejected from the public meeting, he was entitled to use reasonable force in resisting the unlawful ejection. Mannix's proffered instruction stated, "[i]f you find that the Defendant used reasonable force to resist his unlawful ejection from a public meeting, then you will find the defendant not guilty of the offense of Obstruction of Justice." The trial court refused the instruction, stating that the instruction improperly assumed and informed the jury that the ejection from the meeting was unlawful. Mannix neither objected to the court's explanation nor offered an amended instruction.

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). The trial court did not err by ruling that the proffered jury instruction was an incorrect statement of law because it presupposed that Mannix's ejection

- 3 -

from the meeting was unlawful.  The trial court did not err in refusing to give an instruction that contained an erroneous statement of the law.  See Woodard v. Commonwealth, 19 Va. App. 24, 28-29, 448 S.E.2d 328, 330-31 (1994).  Furthermore, "[t]he court is not required to give an instruction sua sponte."  Manetta v. Commonwealth, 231 Va. 123, 127-28 n.2, 340 S.E.2d 828, 830 n.2 (1986).  Although it may be reversible error for a trial court to fail to properly instruct the jury on the basic elements of the charged criminal offense, see Campbell v. Commonwealth, 14 Va. App. 988, 992, 421 S.E.2d 652, 654-55 (1992) (en banc), aff'd in part, 246 Va. 174, 431 S.E.2d 648 (1993), the trial court has no duty sua sponte to correct or re-write a party's erroneous instruction which does not address the elements of the offense, the burden of proof, or the presumption of innocence.  See Whaley v. Commonwealth, 214 Va. 353, 355-56, 200 S.E.2d 556, 558 (1973).

## B.  Evidentiary Issue

Mannix next argues that the trial court erred in refusing to permit defense counsel to question the board chairman regarding his familiarity with parliamentary procedures under Robert's Rules of Order to limit or terminate debate on an issue.  He argues that the question was relevant because it related to the "legality" of the chairman's conduct, his ruling that Mannix was out of order, and whether Mannix had the right

- 4 -

to resist ejection. Mannix also argues that the evidence was probative of his "state of mind."

"'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Brown v. Commonwealth, 21 Va. App. 552, 555, 466 S.E.2d 116, 117 (1996) (quoting Crews v. Commonwealth, 18 Va. App. 115, 118, 442 S.E.2d 407, 409 (1994)). "Evidence which tends to cast any light upon the subject of the inquiry is relevant." Cash v. Commonwealth, 5 Va. App. 506, 510, 364 S.E.2d 769, 771 (1988). "Relevant evidence which has the tendency to add force and effect to a party's defense is admissible, unless excluded by a specific rule or policy consideration." Evans v. Commonwealth, 14 Va. App. 118, 122, 415 S.E.2d 851, 853-54 (1992).

Assuming the chairman failed to adhere to an acceptable or an applicable set of rules of procedure, Mannix was not entitled to be disorderly and to disrupt the meeting from proceeding in an orderly fashion. Thus, the chairman's knowledge of the rules of parliamentary procedure was not relevant to whether Mannix was lawfully ejected from the meeting. Regardless of the board chairman's adherence to acceptable parliamentary procedures, when Mannix insisted on speaking to issues other than those for which the public hearing was called, and in interrogating the county attorney, the board chairman had the right to rule him

out of order, direct that he be seated, and have him forcibly ejected when he resisted and refused to desist. See City of Madison Joint School Dist. No. 8 v. Wisconsin Employment Relations Comm'n, 429 U.S. 167, 175 n.8 (1976) (recognizing that a governing body may confine a public meeting to a specified subject matter); see also Scroggins v. City of Topeka, Kansas, 2 F.Supp.2d 1362, 1372-73 (D.C. Kan. 1998) (collecting cases). Accordingly, Mannix's forcible ejection from the meeting under the circumstances was not illegal, and the chairman's knowledge of parliamentary procedure could not affect that holding.

## C. Sufficiency

On review of a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth, the prevailing party, and grant to it all reasonable inferences fairly deducible therefrom. See Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 265 (1998). We review the evidence that tends to support and uphold the conviction, and we will affirm the conviction unless it is plainly wrong or lacks evidentiary support. See id. at 520, 499 S.E.2d at 265.

Intent may be shown by the circumstances, including a person's conduct and statements. See Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977); Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991). "[T]he reasonable inferences to be drawn from proven facts are within the

province of the trier of fact." Fleming v. Commonwealth, 13 Va.

App. 349, 353, 412 S.E.2d 180, 183 (1991). A fact finder may

generally infer, moreover, that a person intends his deliberate

acts. See id.

### 1. Disorderly Conduct

Mannix argues that the evidence was insufficient to support

his conviction for disorderly conduct. He argues, citing Ford

v. City of Newport News, 23 Va. App. 137, 474 S.E.2d 848 (1996),

that neither his verbal exchanges with the county attorney and

the board chairman, no matter how inappropriate, nor his refusal

to leave the podium and be seated rise to the level of

disorderly conduct. Furthermore, he argues that the

Commonwealth failed to prove that he had the specific intent

required under the statute to support the conviction.

Section 18.2-415 provides that:[1]

> [a] person is guilty of disorderly conduct
> if, with the intent to cause public
> inconvenience, annoyance or alarm, or
> recklessly creating a risk thereof, he:

---

[1] Section 18.2-415(B) provides that a person who
"[w]illfully . . . disrupts a meeting of the governing body of
any political subdivision of this Commonwealth or a division or
agency thereof . . ." shall be guilty of disorderly conduct if
the disruption "(i) prevents or interferes with the orderly
conduct of the meeting . . . ." Although Mannix's conduct
appears to fit squarely within this provision, the jury was not
instructed on this subsection. Therefore, the applicability of
that provision is not before us.

A.  In any . . . public building, . . .
or public place engages in conduct having a
direct tendency to cause acts of violence by
the person or persons at whom, individually,
such conduct is directed[.]

Mannix's reliance on Ford is misplaced.  In Ford, police officers were patrolling an area known for drug activity and prostitution.  The officers approached the defendant, who was pushing a bicycle in a small park.  When one of the officers asked the defendant to approach him, the defendant became "loud, angry, and uncooperative."  The defendant used offensive language and threw his arms into the air.  The defendant was arrested for disorderly conduct.  On appeal, we reversed the defendant's conviction for disorderly conduct, finding that the officer had no reason to believe the defendant's conduct, no matter how offensive or rude, would provoke a violent response from the person or persons at whom the conduct was directed.  See 23 Va. App. at 144, 474 S.E.2d at 851.  Further, we found in Ford no evidence to support a reasonable belief that the defendant's conduct would cause a reasonable officer to respond with physical force.  See id.  Rather, the officers, who had no reason to suspect him of criminal activity, could simply have walked away from the defendant when he was unwilling to talk with them and continued their investigative patrol.

Here, however, the evidence viewed in the light most favorable to the Commonwealth proves that Mannix disregarded the

- 8 -

board chairman's instructions to refrain from questioning the county attorney and to confine his comments to the annexation agreement. After being warned numerous times, Mannix persisted in the inappropriate questioning. The board chairman declared Mannix out of order and instructed him repeatedly to take his seat. The board chairman could not disregard Mannix's conduct. The fact finder could infer from Mannix's refusal to leave the podium when instructed to do so by the presiding officer that he intended to cause a public inconvenience or annoyance at the hearing. The meeting had been disrupted. The chairman was unable to solicit comments from other citizens while Mannix remained at the podium. In order to proceed with business, the board chairman deemed it necessary to have Mannix forcibly removed from the meeting. The fact finder could infer from these circumstances that Mannix was aware his conduct would cause the presiding officer to respond with physical force. The board chairman declared Mannix out of order, directed the deputies to come forward, and advised Mannix that if he did not take his seat he would be forcibly removed from the premises. Unlike the police officer in Ford, the board chairman could not disregard Mannix's conduct and continue the meeting with Mannix remaining at the podium. He had to be removed. Under these circumstances, the evidence was sufficient to support Mannix's conviction for disorderly conduct.

## 2. Obstruction of Justice

Mannix, relying on Brown v. Commonwealth, 27 Va. App. 111, 497 S.E.2d 527 (1998), argues that the evidence was insufficient to support his conviction for obstruction of justice because he was legally permitted to use reasonable force to resist the unlawful ejection. By analogy, Mannix argues that if one is permitted to use reasonable force to resist an unlawful arrest, one is also permitted to use reasonable force to resist an unlawful ejection from a public meeting.

Assuming, without deciding, that a similar principle to that articulated in Brown applies to an unlawful ejection from a public meeting, Mannix failed to show that he was unlawfully ejected from the meeting. Nothing in the record indicates that the board chairman acted outside of his authority in limiting and subsequently terminating Mannix's comments. Although citizens may be given the privilege to speak during a public meeting, the right to do so is not unlimited. Rather, the chairman of a public meeting has a legitimate interest in conducting the meeting in an orderly and effective manner. Furthermore, the board chairman's knowledge or lack of knowledge of parliamentary procedure was not relevant to whether Mannix's ejection was lawful. Regardless of the chairman's knowledge of parliamentary procedure, the board chairman had the right to have Mannix forcibly removed from the public hearing when he

refused to address the call of the meeting and refused to be seated after his time elapsed. Accordingly, the evidence is sufficient to support the conviction for obstruction of justice.

In summary, we find that the trial court did not err in refusing to give Mannix's proffered jury instruction and in limiting his examination of the board chairman and that the evidence was sufficient to support the convictions. We, therefore, affirm.

<u>Affirmed.</u>