COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and McClanahan
Argued at Richmond, Virginia


CHARLES BENNETT

                                                    MEMORANDUM OPINION* BY
v.       Record No. 3047-05-2              CHIEF JUDGE WALTER S. FELTON, JR.
                                                            APRIL 17, 2007
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                        Pamela S. Baskervill, Judge Designate

            Scott G. Crowley (Crowley & Crowley, on briefs), for appellant.

            Susan M. Harris, Assistant Attorney General (Robert F. McDonnell,
            Attorney General, on brief), for appellee.


        Appellant Charles Bennett was convicted by a jury of disorderly conduct in violation of

Code § 18.2-415.  On appeal, he contends that:  (1) the trial court erred in determining that a judge

was competent to testify against him; (2) the trial court erred in permitting the judge to testify

because the Commonwealth failed to identify him as a witness in response to appellant's bill of

particulars; (3) Judge Baskervill was improperly designated to preside over appellant's trial in

violation of Code § 17.1-105(B) after the judges of the Sixth Judicial Circuit (City of Hopewell)

recused themselves; and (4) the evidence was insufficient to prove that he had "engage[d] in

conduct having a direct tendency to cause acts of violence" as required by Code § 18.2-415.  For the

reasons that follow, we affirm appellant's conviction.

<hr>

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. BACKGROUND

Following receipt of a summons from the City of Hopewell for a zoning violation, appellant went to the Clerk's Office of the General District Court for the City of Hopewell (district court) to obtain a form to counter-sue the city. Amanda Wright, a deputy clerk working the front counter, informed appellant that the clerk's office had forms for only civil claims and that he "need[ed] to contact an attorney and seek some legal advice" because she could not tell him what to file and she was "not an attorney and [] [could] not give legal advice." Appellant asked Wright to describe the types of civil claims for which forms were available. After she informed him, appellant stated, "that's not what I need."

When appellant asked to use the phone Wright directed him to a public pay phone. After several minutes, he returned to the clerk's office, appearing "more aggressive" and "intimidating." He approached Wright's station, leaning across the counter "to the point where [she] actually . . . pushed [her] chair back," and demanded that she "put in writing that there was nothing [s]he could do." Wright again told appellant that he needed to contact an attorney for legal advice. When appellant continued to demand she put in writing that she could not help him, Wright excused herself and asked Edith Winters, Clerk of the district court, to assist appellant.

Winters, who had been discussing a procedural issue in her office with district court judge Kenneth Nye, heard parts of Wright's exchange with appellant, and was able to discern that he was "very upset." She left Judge Nye sitting in her office with the door open, and walked up to the counter to assist appellant. She explained that the zoning violation was a criminal action and that the clerk's office did not possess the kind of form that he was demanding. She then advised him that she could not help him with his request and that he should seek legal advice from an attorney. Appellant "kept insisting that [she] would help him," getting "more and more irate, as it went on," and became "[v]ery much kind of out of control."

During Winters' exchange with appellant, another clerk's office employee phoned Deputy Sheriff William R. Challis for assistance. After observing appellant "having a conversation with the head clerk [] [in a] very loud and demanding tone," Deputy Challis asked appellant to leave the building. Appellant refused and walked toward the deputy until he was 10 to 12 inches away from his face, with his hands clenched into fists, and loudly stated, "do you know who I am?" Deputy Challis replied that he did not know who he was, but that he needed to leave the building. Appellant refused to leave, demanding, "what are you going to do, arrest me?" The deputy replied, "yes sir, you are now under arrest." Deputy Challis testified that he felt "threatened" by appellant's demeanor and motions, and believed that he "might have to take physical action in response to something [appellant] might do."

Appellant was charged with disorderly conduct in a public place in violation of Code § 18.2-415, and based on the testimony of Deputy Clerk Amanda Wright, Clerk Edith Winters, and Deputy Sheriff Challis, was convicted of that offense. Appellant appealed his conviction to the circuit court for a trial *de novo*, and chose to be tried by a jury.

Appellant waived his right to be represented by a lawyer at trial in the circuit court. Although choosing to proceed *pro se*, appellant retained an attorney to sit with him at counsel's table to assist him "procedurally" during his trial. At trial, the Commonwealth's case consisted of the testimony of Deputy Clerk Wright, Clerk Winters, Deputy Challis, and Judge Nye. Appellant testified during his case-in-chief. After deliberating for twenty minutes, the jury found appellant guilty of disorderly conduct in a public place and fixed his sentence at a fine of $1,000 and court costs.

## II. ANALYSIS

### A. Judge Nye's Competency to Testify

Appellant first argues that the trial court erred in permitting Judge Nye to testify against him. He contends that the judge was not competent to do so, pursuant to Code § 19.2-271, because the matter about which he testified "came before him in the course of his official duties" while sitting in the clerk's office discussing a procedural statute with the Clerk of Court.

Code § 19.2-271 states in part, "No judge shall be competent to testify in any criminal or civil proceeding as to any matter which came before him in the course of his official duties." The general purpose of the statute is to disqualify a sitting judge from testifying to any matter coming before the judge in an adjudicative capacity. See Bartlett v. Bank of Carroll, 218 Va. 240, 248, 237 S.E.2d 115, 120 (1977) (holding that Code § 19.2-271 prohibits a judge from testifying regarding the "meaning" of a "decree which he entered"). It follows that a judge who passively witnesses conduct not coming before him for adjudication is not incompetent to testify under the statute where he is "a disinterested witness who merely happened to observe" the conduct at issue. Epps v. Commonwealth, 47 Va. App. 687, 705, 626 S.E.2d 912, 920 (2006) (*en banc*), aff'd ___ Va. ___, 641 S.E.2d 77 (2007).

Here, the record reflects appellant's conduct did not come before Judge Nye in the course of his adjudicative duties. Although appellant asserts in his opening brief that Judge Nye presided over his "preliminary hearing" in the district court, nothing in the record supports appellant's assertion.[1] "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court." Smith v. Commonwealth, 16 Va. App. 630, 635-36, 432 S.E.2d 2, 6 (1993) (citing Riddick v. Commonwealth, 135 Va. 724, 726, 115 S.E. 523, 524 (1923)). Thus, "[t]he burden is upon the appellant to provide us with a record

---

[1] A substitute judge presided over appellant's trial in the district court.

which substantiates the claim of error." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991). As appellant failed to meet his burden of providing a record to support his assertion that Judge Nye presided over his "preliminary hearing" in the district court, we dismiss appellant's argument.

Moreover, the record reflects Judge Nye passively witnessed appellant's conduct from Clerk Winters' office where he had been discussing an unrelated procedural issue. Neither Clerk Winters, nor Deputy Clerk Wright consulted Judge Nye or requested his assistance in dealing with appellant's increasingly loud and agitated demands. Judge Nye was simply a "disinterested witness who merely happened to observe" appellant's disorderly conduct. Accordingly, we conclude the trial court did not err in determining that Judge Nye was competent to testify as to the matter he observed.

Appellant further contends, "Judge Nye's testimony did not add any new information or additional perspective to that which the jury received from the other three witnesses." He argues that, "there was no need to call Judge Nye except to attempt to have someone the jury would perceive as inherently credible, with an unassailable reputation for veracity." At trial, appellant's only objection was that Judge Nye "is a judicial figure and he will have undue sway over the – over this proceeding." He did not argue that Judge Nye's testimony was inadmissible because it was unduly cumulative. Consequently, we will not consider for the first time on appeal appellant's argument that Judge Nye's testimony should not have been permitted because it was unduly cumulative. See Rule 5A:18; Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

In support of his argument that Judge Nye's testimony was unduly prejudicial because he was a judge and thus unduly bolstered the other witnesses' testimony, appellant cites cases from other jurisdictions. None of the cases he cites supports his fundamental assertion that a judge is

prohibited from providing a factual account of an event not coming before him in his adjudicative capacity. Furthermore, appellant failed to provide any argument or analysis as to how those cases support any argument he presents in this case. We will not address an argument inadequately developed in an appellant's opening brief. Theismann v. Theismann, 22 Va. App. 557, 572, 471 S.E.2d 809, 816, aff'd en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996).

### B. PreTrial Identification of Judge Nye as a Witness

The day before his jury trial, the Commonwealth informed appellant it had subpoenaed Judge Nye to appear as a prosecution witness. Appellant objected to Judge Nye testifying, contending the Commonwealth failed to respond to his motion for a bill of particulars requesting that the Commonwealth "state in detail the precise facts and circumstances constituting the disorderly conduct for which the defendant ha[d] been charged, including, but not limited to, times, dates, places and witnesses to be called by the Commonwealth." The Commonwealth's reply stated, "[a]s this case has been tried in General District Court, the defendant is fully aware of all the facts and circumstances that constitute the charge of disorderly conduct." The trial court overruled appellant's objection, noting that no discovery order requiring the production of witnesses had been entered. Appellant did not request a continuance on the basis that he had not been informed until the day before trial that Judge Nye would be called as a witness.[2]

On appeal, appellant argues that by requesting a list of witnesses in his bill of particulars, the Commonwealth was required to provide him with the names of the witnesses it intended to call and that failure to do so should prevent the non-disclosed witness from testifying. He also asserts that the Commonwealth deliberately misled him in its response to his bill of particulars and that such

---

[2] Appellant did request a continuance on the grounds that the district court clerk had only permitted him to take one photograph of the clerk's office. That denial of continuance is not before us.

- 6 -

prosecutorial misconduct is also a basis for vacating his conviction. Appellant cites no authority in his opening brief to support either argument.[3]

Pursuant to Rule 5A:20(e), an appellant's opening brief must contain "[t]he principles of law, the argument, and the authorities relating to each question presented." By failing to cite any authority in support of his arguments in his opening brief, appellant failed to comply with the provisions of Rule 5A:20(e), and we will not consider his arguments on appeal. See Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) (holding that "statements unsupported by argument, authority, or citations to the record do not merit appellate consideration").

In response to the Commonwealth's brief in opposition noting appellant's lack of citation, appellant attempted to rectify his violation of Rule 5A:20(e) by including citations to authority in his reply brief. However, as we have previously held, an attempt to comply with Rule 5A:20(e) in a reply brief filed pursuant to Rule 5A:22 "cannot excuse [appellant]'s failure to comply with [Rule 5A:20]." Jeter v. Commonwealth, 44 Va. App. 733, 740, 607 S.E.2d 734, 737 (2005).

Accordingly, we will not consider these assertions on appeal.

### C.  Improper Designation of Judge Baskervill

Prior to trial, the judges of the Sixth Judicial Circuit (City of Hopewell) recused themselves from presiding over appellant's trial. Appellant contends the judges of the Sixth Judicial Circuit erred "by *sua sponte* assigning Judge Baskervill to hear [his] trial after recusing themselves, without certifying the recusal to the Chief Justice of the Supreme Court for such designation, as required by

---

[3] We note that "'[t]he purpose of a bill of particulars is to state sufficient facts regarding the crime to inform an accused in advance of the offense for which he is to be tried. He is entitled to no more.'" Swisher v. Commonwealth, 256 Va. 471, 480, 506 S.E.2d 763, 786 (1998) (citations omitted). "The bill is relief available to an accused, at the discretion of the court, to supplement a charging instrument which fails to 'fully and clearly set forth all the material elements of the offense,' but not 'to expand the scope of discovery in a criminal case.'" Raja v. Commonwealth, 40 Va. App. 710, 723, 581 S.E.2d 237, 243 (2003) (quoting Sims v. Commonwealth, 28 Va. App. 611, 619-20, 507 S.E.2d 648, 652-53 (1998)).

[] Code § 17.1-105[B.]"[4]  The record contains an order entered by the Chief Justice of the Supreme Court prior to appellant's trial, pursuant to Code § 17.1-105(B), designating Judge Pamela S. Baskervill of the Eleventh Judicial Circuit to preside over the trial.  As the record simply does not support appellant's assertion, we will not address the issue further.  See Jenkins, 12 Va. App. at 1185, 409 S.E.2d at 20.

### D.  Sufficiency of the Evidence

Appellant lastly argues the evidence was not sufficient to support his disorderly conduct conviction, contending "the witnesses uniformly testified that Mr. Bennett's conduct did not incite them to commit violence," an element required for conviction under Code § 18.2-415.

When the sufficiency of the evidence to sustain a criminal conviction is challenged on appeal, we "view the evidence in the light most favorable to the Commonwealth, the party prevailing below, and grant all reasonable inferences fairly deducible therefrom."  Clifton v. Commonwealth, 22 Va. App. 178, 180, 468 S.E.2d 155, 156 (1996) (citing Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)).  "We review the evidence that tends to support and uphold the conviction, and we will affirm the conviction unless it is plainly wrong or lacks evidentiary support."  Mannix v. Commonwealth, 31 Va. App. 271, 278, 522 S.E.2d 885, 888 (2000) (citing Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 265 (1998)).

---

[4] Code § 17.1-105(B) provides:

> If all the judges of any court of record are so situated in respect to any case, civil or criminal, pending in their court as to render it improper, in their opinion, for them to preside at the trial, unless the cause or proceeding is removed, as provided by law, they shall enter the fact of record and the clerk of the court shall at once certify the same to the Chief Justice of the Supreme Court, who shall designate a judge of some other court of record or a retired judge of any such court to preside at the trial of such case.

Code § 18.2-415 provides in pertinent part that:

> [a] person is guilty of disorderly conduct if, with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
>
> A. In any . . . public building, . . . or public place engages in conduct having a direct tendency to cause acts of violence by the person or persons at whom, individually, such conduct is directed[.]

The "'question as to whether a particular act is disorderly conduct depends largely on the facts in the particular case, and in the determination of such question not only the nature of the particular act should be considered but also the time and place of its occurrence as well as all the surrounding circumstances.'" Keyes v. City of Virginia Beach, 16 Va. App. 198, 200, 428 S.E.2d 766, 767 (1993) (quoting Collins v. City of Norfolk, 186 Va. 1, 5, 41 S.E.2d 448, 450 (1947)). It is well established, however, that if a law enforcement, or other public officer "'reasonably felt as though [he] was going to have to fight' to subdue [an individual], [the individual's] behavior had a direct tendency to cause acts of violence by the person . . . at whom [it] was directed." Id. at 199, 428 S.E.2d at 767 (internal citation omitted). See also Mannix, 31 Va. App. at 280, 522 S.E.2d at 889. Compare Ford v. City of Newport News, 23 Va. App. 137, 474 S.E.2d 848 (1996) (concluding that while defendant's remarks to police officers during a consensual encounter lacked civility, there was simply no evidence to support a reasonable belief that the defendant's words and act of throwing his arms in the air would cause a reasonable officer to respond with physical force).

Based on appellant's argumentative comments, confrontational demeanor, and repeated refusal to comply with Deputy Challis' request to leave the building, we find the jury could reasonably conclude that Deputy Challis' concern that he might have to take physical action to subdue appellant was reasonable and supported by the evidence presented. As appellant's conduct had a "direct tendency to cause acts of violence by the . . . persons at whom . . . [it was]

- 9 -

directed[,]" Code § 18.2-415, <u>see also</u> <u>Keyes</u>, 16 Va. App. at 199, 428 S.E.2d at 767; <u>Mannix</u>, 31 Va. App. at 280, 522 S.E.2d at 889, we conclude the Commonwealth's evidence was sufficient to support his conviction.

For the reasons above, appellant's disorderly conduct conviction is affirmed.

<u>Affirmed.</u>