COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Humphreys and Kelsey
Argued at Alexandria, Virginia

IBRAHIM JAMIL HABAHBIH

MEMORANDUM OPINION* BY
v.       Record No. 1289-12-4       CHIEF JUDGE WALTER S. FELTON, JR.
JULY 23, 2013

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
William T. Newman, Jr., Judge

Malik Dixon (Dixon Law Firm, PLLC, on brief), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


Ibrahim Jamil Habahbih ("appellant") was found guilty of grand larceny, in violation of

Code § 18.2-95, by the Circuit Court of Arlington County ("trial court") following a jury trial.[1]

On appeal, appellant asserts that the trial court erred by refusing to grant his proffered jury

instruction that, if he believed the bicycle he took was abandoned property, he could not be

found guilty of larceny. For the following reasons, we conclude the trial court did not err in

refusing to grant appellant's proffered instruction and affirm appellant's conviction.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also tried before the jury on a charge of possession of methamphetamine. However, the trial court ordered a mistrial on that charge because the jury was unable to reach a unanimous verdict.

I.  BACKGROUND

"When reviewing a trial court's refusal to give a proffered jury instruction, we view the evidence in the light most favorable to the proponent of the instruction."  Commonwealth v. Vaughn, 263 Va. 31, 33, 557 S.E.2d 220, 221 (2002).

The evidence presented at trial showed that during the early morning hours on October 1, 2011, appellant was walking along a grassy alleyway, not open to the public, inside a townhouse complex after spending the night drinking with a friend.  After urinating behind some townhouse units, appellant ended up behind the victim's townhouse.  He saw what he testified he thought was an abandoned, "good looking" bicycle leaning against the stairwell of the victim's private deck.  Appellant testified that the bicycle was left next to some garbage cans, which led him to conclude that someone had thrown it away and he was free to take it.  However, he also testified that the bicycle had not been marked "free" and that he only took it because it was "nice" and he could get money for the bicycle's parts.  The bicycle's owner, however, testified that he always left his bicycle, valued at approximately $800-$900, on the private back deck outside of his townhouse, not below in the townhouse stairwell where the garbage cans were located.  He further testified that he usually left his bike unlocked, because the deck was hidden from public view and bordered by a grassy area not directly accessible from the street.

Around 5:45 a.m., the victim's neighbor observed appellant "walking quickly" out of the victim's townhome area using a flashlight and pushing the victim's bicycle.  Approximately five minutes later, a police officer also observed appellant walking with the victim's bicycle, with a flashlight in hand.  Appellant was carrying a messenger bag containing six additional flashlights and a bicycle lock.

Appellant asked the trial court to give the following instruction to the jury:

> If you believe the defendant . . . took the bicycle he is charged with
> stealing under a belief that the bicycle was abandoned property,

then, even though his belief was mistaken, you shall find the defendant not guilty of grand larceny.

Prior to the trial court's denying appellant's proffered jury instruction, the following exchange took place:

> THE COURT: Where did you get this one?
>
> [APPELLANT'S COUNSEL]: I pulled the -- I pulled just the language on the abandonment here at the bottom.
>
> THE COURT: I'm not going to give this instruction.
>
> [APPELLANT'S COUNSEL]: Is it unclear?
>
> THE COURT: If you wish to tender an instruction about abandonment --
>
> [APPELLANT'S COUNSEL]: Certainly.
>
> THE COURT: -- I would consider it, but this is like a --
>
> [APPELLANT'S COUNSEL]: The very last paragraph alone is an abandonment instruction, even if all the rest is removed.
>
> THE COURT: I understand that there is an abandonment instruction --
>
> [APPELLANT'S COUNSEL]: Yes.
>
> THE COURT: -- but this is something you have piecemealed together.
>
> [APPELLANT'S COUNSEL]: I -- the -- well, it's not piecemealed, Your Honor. It's the issue of intent. All right. And for the grand larceny -- the last paragraph is stating that if this jury believes that at the time that he -- that he walked away, that the actual taking occurred, that he, in his mind, believed that there was an abandonment --
>
> THE COURT: Then why don't you hand me an abandonment instruction?
>
> [APPELLANT'S COUNSEL]: I -- can I -- all right. I can do that, I just -- I would have to -- that's not the copy that I printed, Your Honor.
>
> THE COURT: There is a separate instruction where it deals with abandonment, I mean, and if that's what your theory is, that's fine.

You -- what you've done here, you've tried take the grand larceny instruction and --

[APPELLANT'S COUNSEL]: Understood.

THE COURT: -- that does not work.

Appellant's counsel thereafter failed to provide any other claim of right or abandonment jury instruction to the trial court.

## II.  ANALYSIS

On appeal, appellant argues that the trial court erred in refusing to give his proposed jury instruction.  "[T]he trial court has broad discretion over whether to give or deny proposed jury instructions."  Chapman v. Commonwealth, 56 Va. App. 725, 736, 697 S.E.2d 20, 26 (2010).

Model Jury Instruction 52.200, Claim of Right, provides, in pertinent part, "If you believe the defendant [took the property he is charged with stealing . . .] under a belief that he had a *good faith claim of right* to take it, then, even though his belief was mistaken, you shall find the defendant not guilty of [larceny . . .]."  (Emphasis added).  "The claim-of-right defense requires a predicate showing of 'good faith,' a *bona fide* belief by the taking party that [he] has some legal right to the property taken."  Groves v. Commonwealth, 50 Va. App. 57, 63, 646 S.E.2d 28, 31 (2007) (quoting Butts v. Commonwealth, 145 Va. 800, 811-12, 133 S.E. 764, 767-68 (1926)) (citation omitted).

In Barnes v. Commonwealth, 190 Va. 732, 58 S.E.2d 12 (1950), the Supreme Court held that in order for a trial court to grant an instruction on whether the property taken was abandoned property, the evidence must establish that a reasonable basis exists for the accused to have a good faith belief that the property was abandoned.  In Barnes, the defendants had previously been given permission to remove property from a shipyard dump.  However, they later returned and removed four large rolls of cable from that site without obtaining permission to do so.  The Supreme Court held the defendants "had no right to remove any property not abandoned.  If it

- 4 -

was not actually scrap or abandoned material, the defendants could not justify their innocence unless they had an honest belief that it had been abandoned." 190 Va. at 740, 58 S.E.2d at 16. It noted that if property is taken under "a *bona fide* and not imaginary belief, that they were taking abandoned property with the assent of its owner" the criminal intent to steal the property is lacking and there can be no larceny. Id.

Here, the trial court did not err in refusing to grant appellant's proffered instruction that provided he could not be guilty of larceny of the bicycle, under a "mistaken" belief, no matter how unreasonable, that it was abandoned property, free for him to take for his own use. If an instruction "is not applicable to the facts and circumstances of the case, it should not be given." Hatcher v. Commonwealth, 218 Va. 811, 813-14, 241 S.E.2d 756, 758 (1978). "When granted instructions fully and fairly cover a principle of law, a trial court does not abuse its discretion in refusing another instruction relating to the same legal principle." Stockton v. Commonwealth, 227 Va. 124, 145, 314 S.E.2d 371, 384, cert. denied, 469 U.S. 873 (1984).

> Furthermore, "the court is not required to give an instruction *sua sponte*." Manetta v. Commonwealth, 231 Va. 123, 127-28 n.2, 340 S.E.2d 828, 830 n.2 (1986). Although it may be reversible error for a trial court to fail to properly instruct the jury on the basic elements of the charged criminal offense, see Campbell v. Commonwealth, 14 Va. App. 988, 992, 421 S.E.2d 652, 654-55 (1992) (en banc), aff'd in part, 246 Va. 174, 431 S.E.2d 648 (1993), the trial court has no duty *sua sponte* to correct or re-write a party's erroneous instruction which does not address the elements of the offense, the burden of proof, or the presumption of innocence. See Whaley v. Commonwealth, 214 Va. 353, 355-56, 200 S.E.2d 556, 558 (1973).

Mannix v. Commonwealth, 31 Va. App. 271, 276, 522 S.E.2d 885, 888 (2000). Accordingly, the trial court's refusal of appellant's proposed jury instruction is without error.

## III.  CONCLUSION

For the foregoing reasons, we affirm appellant's conviction for grand larceny, in violation of Code § 18.2-95.

Affirmed.